HERMAN et al. v. CAMPBELL.

(Circuit Court of Appeals, Eighth Circuit. July 10, 1893.)

No. 241.

TRIAL—INSTRUCTIONS—TAKING CASE FROM JURY.

In a suit for personal injuries suffered by plaintiff while in the service of defendant, the injury having been caused by the fall of a scaffolding on which plaintiff was working, the trial court charged the jury that the scaffold fell because one of the brackets had been insufficiently fastened owing to the negligence of a fellow servant of plaintiff, for which defendant was not responsible. *Held*, that the subsequent submission of the case to the jury (who rendered a verdict for plaintiff) was reversible error, and ground for a new trial. District of Columbia v. McElligott, 6 Sup. Ct. Rep. 884, 117 U. S. 621, 630, followed.

In Error to the Circuit Court of the United States for the District of Minnesota.

At Law. Action by Malcolm Campbell against Gustavus Herman, Christian Becklinger, and Julius F. Herman, copartners as Herman, Becklinger & Herman, for personal injuries suffered by plaintiff while in the service of defendants. Verdict and judgment were given for plaintiff. Defendants bring error. Reversed.

R. R. Briggs, for plaintiffs in error.

John Jenswold, Jr., for defendant in error.

Before SANBORN, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. From the record in this cause it appears that the plaintiffs in error were the owners of a sawmill and furniture factory in the process of erection at New Duluth, Minn.; that the defendant in error entered into their employ, and was engaged in sheathing the building; that to enable the men engaged in sheathing and shingling the building to do the work a scaffold was erected on the south side, the same being built under the direction of one Chaloner, a carpenter of experience, who personally made the brackets used in the construction of the scaffold; that the next day after the scaffold was built the defendant in error went with others upon the same, and while engaged in work one of the brackets gave way, whereby the defendant in error was thrown to the ground, and received the injuries for which he seeks compensation in this action; that the fall of the scaffold was due to the fact that one of the brackets upon which it rested had been fastened to the bent supporting it with two eight-penny nails, whereas there should have been used five or more nails of larger size.

At the close of the evidence in the case the defendants below moved the court to instruct the jury to return a verdict for the defendants, which the court refused to do. The verdict of the jury was in favor of the plaintiff below, and, judgment having been rendered thereon, the defendants below bring the case before this court, assigning as error the overruling the motion for

a verdict for defendants, and the refusal to give a number of instructions asked by defendants, as well as the giving portions of the charge excepted to.

As the facts of this case are made to appear upon the record before us, we are not called upon to consider in detail the several exceptions and assignments of error discussed by counsel in their briefs. In the charge to the jury, which is quite lengthy, the court, after stating the claims made by the parties, instructed the jury that the question of the liability of the defendants below for the acts of Chaloner, under whose supervision the scaffolding was built, was not involved in the case; that there was not sufficient ground for holding that the fall of the scaffold was due to the distance between the brackets, or to the poor quality of the materials used; that it was evident that the scaffold fell because one of the brackets had been insufficiently fastened, only two nails being used instead of four or five; that the failure to properly nail this bracket was due to the negligence of a coemployé, for the consequences of which the defendants below were not responsible.

If the charge correctly stated the issues in the case and the law applicable thereto, but one result could rightfully be reached by the jury, and that was a finding in favor of the defendants. Under the charge given there was no issue of fact left to the decision of the jury, and it was error to leave it to the jury to find a verdict for the plaintiff or the defendant, without submitting for their decision some matter at issue between the parties. Logically the correct conclusion to the charge would have been an instruction to find for the defendants. This was not given, however, and the verdict of the jury was for the plaintiff. The case stands in this aspect the same as that of District of Columbia v. McElligott, 117 U. S. 621, 630, 6 Sup. Ct. Rep. 884, wherein it was said by the supreme court:

> "If the principles embodied in those instructions are sound, (upon which point we are not now required to express an opinion,) the court would have been justified in directing a verdict for the district. The charge was inconsistent with the instructions previously given, and was calculated to mislead the jury, for it submitted to them a question which those instructions had, in effect, if not in terms, declared to be immaterial in the case."

Under these circumstances the judgment must be reversed, and the case be remanded to the circuit court, with instructions to grant a new trial.